**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Cheri McKee, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Linebarger, Goggan, Blair & Sampson, ) LLP, a Texas limited liability partnership,) ) Defendant. ) | ``` FILED: NOVEMBER 24,2008 No. 08CV6716 JUDGE CONLON MAGISTRATE JUDGE BROWN RCC ``` Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Cheri McKee, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the form of Defendant's debt collection letters violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Cheri McKee ("McKee"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed originally to Palos Emergency Medical.

4. Defendant, Linebarger, Goggan, Blair & Sampson, LLP ("Linebarger"), is a Texas limited liability partnership, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Linebarger was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. McKee.

## FACTUAL ALLEGATIONS

5. Defendant Linebarger sent Ms. McKee an initial form collection letter, dated June 18, 2008, demanding payment of a delinquent consumer debt that it stated was originally owed to Palos Emergency Medical, but that was then currently "owing to CREDIT MANAGEMENT SERVICES". A copy of this letter is attached as Exhibit A.

6. In fact, although Credit Management Services had acted as a debt collector as to this debt and had hired Defendant Linebarger to collect this debt, the current creditor was still the original creditor, Palos Emergency Services.

7. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

8. The language Defendant Linebarger used in its form collection letter to Ms. McKee is to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Current Creditor

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

11. Defendant's form collection letter incorrectly states that the creditor to whom the debt is owed is Credit Management Services when, in fact, it was Palos Emergency Medical. Accordingly, Defendant Linebarger's June 18, 2008 letter (Exhibit A), fails to correctly advise Ms. Linebarger of the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2) of the FDCPA.

12. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA -
### Making A False Statement Of The Name Of The Creditor

13. Plaintiff adopts and realleges ¶¶ 1-8.

14. Section 1692e of the FDCPA prohibits Defendant Linebarger from making any false and/or any deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

15. Defendant's form collection letter falsely stated that the current creditor was Credit Management Services when, in fact, it was Palos Emergency Medical, in violation of § 1692e of the FDCPA.

16. Defendant Linebarger's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

17. Plaintiff, Cheri McKee, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant Linebarger attempted to collect a delinquent consumer debt owed to Palos Emergency Medical, via the same form collection letter (Exhibit <u>A</u>), Defendant Linebarger sent to Plaintiff, which incorrectly stated that the debt was owed to Credit Management Services, from one year before the date of this Complaint to the present. This action seeks a declaration that Defendant Linebarger's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendant Linebarger regularly engages in debt collection, using the same form collection letter it sent Plaintiff McKee, in its attempts to collect from other persons.

19. The Class consists of more than 35 persons from whom Defendant Linebarger attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff McKee.

20. Plaintiff McKee's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant Linebarger has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22. Plaintiff McKee will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant Linebarger's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff McKee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Plaintiff, Cheri McKee, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff McKee as Class Representative of the Class, and her attorneys as Class Counsel;

3. Declare that Defendant Linebarger's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff McKee and the Class, and against Defendant Linebarger, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cheri McKee, demands trial by jury.

                                                Cheri McKee,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: November 24, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com